# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIOAMBER INC.,[1]<br><br>    Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 18– 18-11291 (LSS)<br><br>**Re: Docket No. 3** |

## ORDER GRANTING RECOGNITION OF
## FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF

Upon the motion (the "**Motion**")[2] of BioAmber Inc., the authorized foreign representative (the "**Foreign Representative**") of the above-captioned debtor (the "**Debtor**") for the entry of an order granting the chapter 15 petition in this case and recognizing the CCAA Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Foreign Representative having consented to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Settino Declaration, the Memorandum of Law, the

---

[1]     The last four digits of the Debtor's federal tax identification number are 1045. The Debtor's principal offices are located at 1250 René-Lévesque Blvd. West, Suite 4310, Montréal, Québec H3B 4W8, Canada.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

chapter 15 petition filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C. The CCAA Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

D. The Foreign Representative is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

E. This chapter 15 case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

F. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

G. The CCAA Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

H. Canada is the center of main interests of the Debtor, and accordingly, the CCAA Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I. The Foreign Representative is entitled to all the relief available pursuant to section 1520 of the Bankruptcy Code including, without limitation, application of the automatic stay pursuant to section 362 of the Bankruptcy Code.

J. The Foreign Representative is further entitled to the discretionary relief expressly set forth in section 1521(a) and (b) of the Bankruptcy Code.

K. The Foreign Representative is further entitled to application of section 365 pursuant to section 1521 of the Bankruptcy Code.

L. The Foreign Representative has demonstrated that, absent protections pursuant to section 365, made applicable by sections 105(a) and 1521(a)(7), there is a material risk that one or more of its contract counterparties may terminate agreements or discontinue performance on the incorrect assumption that it is not bound by any decision made in the CCAA Proceeding and any such termination or discontinuance of performance could impose severe economic consequences on the Debtor and will interfere with reorganization efforts.

M. The Foreign Representative has demonstrated that absent the relief granted herein, there is a material risk that one or more parties in interest will take action against the Debtor or its assets. As a result, the Debtor may suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law and therefore it is necessary that this Court

grant the relief requested in the Motion without prior notice to parties in interest or their counsel. Further, unless this Order is entered, the Debtor's assets could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts could result in the Debtor suffering immediate and irreparable injury, loss or damage by, among other things, creditors (a) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, and (b) interfering with or undermining the success of the CCAA Proceeding.

N. The relief granted herein in necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the U.S., and warranted pursuant to sections 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The verified chapter 15 petition and the Motion are granted.

2. The CCAA Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

3. The CCAA Initial Order, including any extensions, amendments, or modifications thereto, is hereby enforced on a final basis and given full force and effect in the United States.

4. All relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is hereby granted to the CCAA Proceeding, the Debtor, and the Foreign Representative, as applicable.

5. Sections 362 and 365 of the Bankruptcy Code shall hereby apply with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States.

6. Subject to sections 1520 and 1521 of the Bankruptcy Code, the CCAA Proceeding and the CCAA Initial Order, and the transactions consummated ~~or to be~~

~~consummated thereunder~~, shall be granted comity and given full force and effect in the United States to the same extent that they are given effect in Canada, and each is binding on all creditors of the Debtor and any of its successors and assigns.

7. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents, are hereby enjoined from:

> a) execution against any of the Debtor's assets;
>
> b) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtor in the United States;
>
> c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtor or any of its property;
>
> d) transferring, relinquishing, or disposing of any property of the Debtor to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;
>
> e) commencing or continuing an individual action or proceeding concerning the Debtor's assets, rights, obligations, or liabilities to the extent they have not been stayed pursuant to section 1520(a) of the Bankruptcy Code; and
>
> f) terminating contracts or otherwise accelerating obligations or exercising remedies thereunder, *provided*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the United States.

8. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. The Foreign Representative, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order that is properly commenced and within the jurisdiction of this Court.

12. The Foreign Representative is hereby authorized to apply to this Court to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations, or liabilities of the Debtor.

13. The Foreign Representative, the Debtor, and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

15. A copy of this Order, confirmed to be true and correct, shall be served, within three business days of entry of this Order, by facsimile, electronic mail, or regular mail, upon all persons or bodies authorized to administer foreign proceedings of the Debtor, all parties to litigation pending in the United States in which the Debtor is a party at the time of the filing of

the verified chapter 15 petition, the Office of the United States Trustee for the District of Delaware, and such other entities as this Court may direct. Such service shall be good and sufficient service and adequate notice for present purpose.

16. This Court shall retain jurisdiction with respect to: (a) the enforcement, amendment, or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in and through these cases; and (c) any request by an entity for relief from the provisions of this Order.

Dated: June 20, 2018

_____
HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE