**EXHIBIT D**
(Proposed Recognition Order)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| BIOAMBER INC.,[1] | Case No. 18-11291 (LSS) |
| Debtor in a foreign proceeding. | **Related Docket No. 15** |

## ORDER (I) RECOGNIZING CANADIAN
## SALE ORDER, (II) AUTHORIZING AND APPROVING
## SALE OF ASSETS, (III) AUTHORIZING THE ASSUMPTION
## AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS,
## AND (IV) GRANTING RELATED RELIEF

This matter came before the Court on October 9, 2018 (the "Hearing") upon the *Motion of Foreign Representative for Entry of an Order (I) Recognizing Canadian Sale Order, (II) Authorizing and Approving Sale of Assets, and (III) Granting Related Relief* (the "Motion").[2] For the reasons stated on the record at the Hearing, based on the declarations filed in support of the Motion, and for good cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

---

[1]    The last four digits of the Debtor's federal tax identification number are 1045. The Debtor's principal offices are located at 1250 René-Lévesque Blvd. West, Suite 4310, Montréal, Québec H3B 4W8, Canada.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

B.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. § 1410.

C.    This Order constitutes a final and appealable order as set forth in 28 U.S.C. 158(a).  Notwithstanding Bankruptcy Rules 6004(h) or 6006(d) this Court finds that there is no reason for delay in the implementation and effectiveness of this Order.

D.    Proper, timely, and adequate notice ("Notice") of the Motion and the Hearing was provided to all necessary persons and entities.  The Notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion is required.

E.    The relief requested in the Motion, including recognition of the Canadian Sale Order and authorization of the sale of the Assets to the Purchaser, is in the best interests of the Debtor, its creditors, and other parties in interest in this chapter 15 case.

F.    The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 105(a), 1507, 1520, 1521, 1525, and 1527 of the Bankruptcy Code, and will not cause any hardship to any party in interest that is not outweighed by the benefits of granting that relief.

G.    The terms of the Sale, as set forth in the APA and Canadian Sale Order, were negotiated, proposed, and entered into by the Foreign Representative and the Purchaser in good faith, without collusion, and from arm's length bargaining positions.  The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

H.    The Purchaser is not an "insider" or "affiliate" of the Foreign Representative or the Company, as such terms are defined in the Bankruptcy Code.

I.    The consideration provided by the Purchaser as set forth in the APA and Canadian Sale Order is fair and reasonable and is the highest or otherwise best offer for the Assets, as determined by the Foreign Representative.

J.    The transfer of the Assets to the Purchaser will be, as of the closing of the Sale, a legal, valid, and effective transfer of the Assets, which transfer vests or will vest the Purchaser with all right, title, and interest in the Assets.

K.    The Foreign Representative has demonstrated (a) good, sufficient, and sound business purposes and justifications for approving the Sale, and (b) compelling circumstances for the Sale outside of the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code, in that, among other things, the immediate consummation of the Sale to the Purchaser is necessary and appropriate to maximize the value of the Debtor's assets and distributions to its creditors.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted as set forth herein.

2.    The Sale and all of the terms and conditions thereof, as set forth in the APA and Canadian Sale Order, are hereby approved.

3.    The Canadian Sale Order, a copy of which is attached hereto as Exhibit 1, is hereby recognized and enforced and given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to sections 1521, 1525, and 1527 of the Bankruptcy Code.

DOCS_SF:97278.4

4. The Foreign Representative is authorized, pursuant to sections 363, 1507, 1520, and 1521 of the Bankruptcy Code, to transfer the Assets to the Purchaser in accordance with the APA and Canadian Sale Order. The Sale shall constitute a legal, valid, and effective transfer of the Debtor's right, title, and interest in the Assets, notwithstanding any requirement for approval or consent by any person or entity and shall vest the Purchaser with any and all right, title, and interest of the Foreign Representative and the Debtor in and to the Assets.

5. The transactions contemplated by the Sale are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal, modification, or vacatur by a subsequent order of this Court or any other court of the authorization provided herein of the Sale shall not affect the validity of the Sale to the Purchaser, and notwithstanding any reversal, modification, or vacatur of this Order, the Sale shall be governed in all respects by the original provisions of this Order and the French Sale Order, as the case may be.

6. The Foreign Representative is authorized to perform all of its obligations under and comply with the terms of the Canadian Sale Order and consummate the Sale, pursuant to and in accordance with the terms and conditions of the Canadian Sale Order and this Order.

7. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed after the entry of this Order and shall be effective immediately upon entry.

8. The Foreign Representative and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

4

9.     This Court shall retain jurisdiction with respect to the interpretation and enforcement of this Order.

Dated:     _____, 2018

                                        _____
                                        THE HONORABLE LAURIE SELBER SILVERSTEIN
                                        UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

## SUPERIOR COURT

### (Commercial Division)

C A N A D A
PROVINCE OF QUÉBEC
DISTRICT OF MONTRÉAL
Nº:               500-11-054564-188
DATE:          September 18, 2018

PRESIDING:    THE HONOURABLE MICHEL A. PINSONNAULT J.S.C.

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED:

BIOAMBER CANADA INC.
BIOAMBER SARNIA INC.
BIOAMBER INC.
          Petitioners

-and-

9384-3076 QUÉBEC INC.
          Impleaded Party

-and-

PRICEWATERHOUSECOOPERS INC.
          Monitor

-and-

PERSONAL AND MOVABLE REAL RIGHTS REGISTRAR OF QUÉBEC
LAND REGISTRAR OF ONTARIO
ONTARIO PERSONAL PROPERTY REGISTRY
          Impleaded Parties

## APPROVAL AND VESTING ORDER

[1]    **ON READING** the Petitioners' *Motion for the Issuance of an Approval and Vesting Order with respect to the sale of certain assets* (the "**Motion**"), the affidavit and the exhibits in support thereof, as well as the *Sixth Report of the Monitor to the Court* (the "**Report**");

500-11-048114-157

[2]  **SEEING** the service of the Motion;

[3]  **SEEING** the submissions of the Monitor's attorneys; and

[4]  **SEEING** that it is appropriate to issue an order approving the transaction
(the "**Transaction**") contemplated by the agreement dated September 14, 2018
entitled *Asset Purchase Agreement* (as may be amended, modified or
supplemented in accordance with this Order, the "**Purchase Agreement**") by and
between PricewaterhouseCoopers Inc. (the "**Monitor**") as vendor, solely in its
capacity of court-appointed Monitor to the CCAA process of BioAmber Canada
Inc., BioAmber Sarnia Inc. and BioAmber Inc. (collectively, the "**Vendors**"), and
9384-3076 Québec Inc. (the "**Purchaser**"), as purchaser, copy of which was filed
under seal as Exhibit R-2 to the Motion, and vesting in the Purchaser all of
Vendors' rights, title and interests in and to all of the assets described in the
Purchase Agreement (the "**Purchased Assets**").

## FOR THESE REASONS, THE COURT HEREBY:

[5]  **GRANTS** the Motion.

[6]  **ORDERS** that all capitalized terms in this Order shall have the meaning given to
them in the Purchase Agreement unless otherwise indicated herein.

## SERVICE

[7]  **ORDERS** and **DECLARES** that any prior time period for the presentation of this
Motion is hereby abridged and validated so that this Motion is properly returnable
today and hereby dispenses with further service thereof and.

[8]  **PERMITS** service of this Order at any time and place and by any means
whatsoever.

## SALE APPROVAL

[9]  **ORDERS** and **DECLARES** that the Transaction is hereby approved, and the
execution of the Purchase Agreement by the Monitor is hereby authorized and
approved, without prejudice to the rights of creditors to object to the allocation of
proceeds as among them for distribution purposes.

[10]  **AUTHORIZES** and **DIRECTS** the Monitor to hold the Deposit, and to apply,
disburse and/or deliver the Deposit or the applicable portions thereof in
accordance with the provisions of any Distribution Order to be rendered.

## EXECUTION OF DOCUMENTATION

[11]  **AUTHORIZES** and **DIRECTS** the Purchaser and the Monitor to perform all acts,
sign all documents and take any necessary action to execute any agreement,
contract, deed, provision, transaction or undertaking stipulated in or contemplated

500-11-048114-157                                                                    Page 3

by the Purchase Agreement (Exhibit R-2), with such non-material alterations, changes, amendments, deletions or additions thereto as may be agreed to, and any other ancillary document which could be required or useful to give full and complete effect thereto.

[12]  **ORDERS** that the Monitor is hereby authorized and empowered to execute, assign, issue, endorse, amend all the records, by-laws and corporate statutes of the Vendors, as well as to any documents, contract, register of any nature or kind whatsoever, whether in the Monitor's name or in the name and on behalf of any of the Vendors in order to give effect to this Transaction.

## AUTHORIZATION

[13]  **ORDERS** and **DECLARES** that this Order shall constitute the only authorization required by the Monitor and the Vendors to proceed with the Transaction and that no other approval or authorization, including any board or shareholder approval, shall be required in connection therewith.

[14]  **ORDERS** and **DECLARES** that the Transaction is exempt from the application of the *Bulk Sales Act* (Ontario).

## VESTING OF THE PURCHASED ASSETS

[15]  **ORDERS** and **DECLARES** that upon the issuance of the Monitor's certificate substantially in the form appended as **Schedule "A"** hereto (the "**Monitor's Certificate**"), all rights, title and interest in and to the Purchased Assets shall vest absolutely and exclusively in and with the Purchaser, free and clear of and from any and all rights, titles, benefits, priorities, claims (direct, indirect, absolute or contingent), liabilities, obligations, interests, prior claims, security interests (whether contractual, statutory or otherwise), liens, charges, hypothecs, mortgages, pledges, trusts, deemed trusts (whether contractual, statutory, or otherwise), assignments, judgments, executions, writs of seizure or execution, notices of sale, options, agreements, rights of distress, legal, equitable or contractual setoff, adverse claims, levies, taxes, disputes, options to purchase, rights of first refusal or other pre-emptive rights in favour of third parties, restrictions on transfer of title, or other claims or encumbrances, whether or not they have attached or been perfected, registered, published or filed and whether secured, unsecured or otherwise (collectively, the "**Encumbrances**") including, without limiting the generality of the foregoing, (i) the Encumbrances listed in paragraph 18 below, (ii) the Encumbrances listed in **Schedule "B"** (the "**Ontario Encumbrances to be Expunged**"), (iii) any and all other hypothecs, security interests or charges evidenced by registration, publication or filing pursuant to the *Civil Code of Québec*, the *Personal Property Security Act* (Ontario) (the "**OPPSA**") or any other applicable legislation providing for a security interest in personal or movable property, and (iv) the Administration Charge, the Interim Lender Charge, the Post-Filing Intercompany Advance Charges, the D&O Charge and any and all other charges created by Order of this Court; excluding, however,

500-11-048114-157                                                                                      **Page 4**

the permitted encumbrances contemplated under Section 1.1(vv), subparagraphs (i), (ii), (iii), (iv), (v) and (vi) of the Purchase Agreement (the **"Listed Permitted Encumbrances"**), and, for greater certainty, **ORDERS** that all of the Encumbrances, other than the Listed Permitted Encumbrances, affecting or relating to the Purchased Assets be expunged and discharged as against the Purchased Assets, in each case effective as of the applicable time and date of the Monitor's Certificate.

[16]    **ORDERS** and **DIRECTS** the Monitor to file with the Court a copy of the Monitor's Certificate, forthwith after issuance thereof.

[17]    **AUTHORIZES** and **DIRECTS** the Monitor to receive and hold the Purchase Price, and to remit the Purchase Price in accordance with the provisions of any Distribution Order to be rendered.

## CANCELLATION OF SECURITY REGISTRATIONS

[18]    **ORDERS** that upon the issuance of the Monitor's Certificate, the Monitor and the Vendors shall take all such steps as may be necessary to effect the reduction of the scope of the charged property under the following registrations number in connection with the Purchased Assets in order to allow the transfer to the Purchaser of the Purchased Assets free and clear of such registrations, and **ORDERS** the Quebec Personal and Movable Real Rights Registrar, upon presentation of the required forms with a true copy of this Order and the Monitor's Certificate, to register such reductions in respect of these registrations:

   a)    16-0883207-0001 – Hypothec in favour of Bridging Finance Inc.;

   b)    13-0891756-0001 – Hypothec in favour of HSBC Bank Canada; and

   c)    18-0497003-0001 – Security in favour of Comerica Bank *et al.*

[19]    **ORDERS** that upon registration in the Land Registry Office for the Land Titles Division of Lambton No. 25 of an Application for Vesting Order in the form prescribed by the *Land Registration Reform Act* (Ontario), including a law statement confirming that the Monitor's Certificate has been filed, the Land Registrar is hereby directed to enter the Purchaser as the owner of the subject real property legally described in **Schedule "C"** (the **"Ontario Real Property"**) hereto in fee simple, and is hereby directed to delete and expunge from title to the Ontario Real Property any and all Encumbrances (other than the Listed Permitted Encumbrances), including, without limiting the foregoing, all of the Ontario Encumbrances to be Expunged listed in Schedule B inasmuch they relate to the Ontario Real Property.

[20]    **ORDERS** that upon the issuance of the Monitor's Certificate, the Monitor and the Vendors shall take all such steps as may be necessary to effect the discharge of all Encumbrances (other than the Listed Permitted Encumbrances) registered against the Purchased Assets, including filing such financing change statements

500-11-048114-157                                                                    Page 5

under the OPPSA as may be necessary, from any registration filed against the Vendors under the OPPSA, provided that the Monitor and the Vendors shall not be authorized to effect any discharge that would have the effect of releasing any collateral other than the Purchased Assets, and the Monitor and the Vendors shall be authorized to take any further steps by way of further application to this Court.

## NET PROCEEDS

[21]    **ORDERS** that the net proceeds from the sale of the Purchased Assets (the "**Net Proceeds**") shall be remitted to the Monitor and shall be distributed in accordance with applicable legislation and any Distribution Order to be rendered.

[22]    **ORDERS** that for the purposes of determining the nature and priority of the Encumbrances, the Net Proceeds from the sale of the Purchased Assets shall stand in the place and stead of the Purchased Assets, and that upon issuance of the Monitor's Certificate, all affected Encumbrances (except for the Permitted Encumbrances, as contemplated pursuant to the Purchase Agreement), which shall include, without limiting the generality of the foregoing, the Administration Charge, the Interim Lender Charge, the Post-Filing Intercompany Advance Charges and the D&O Charge, shall attach to the Net Proceeds with the same priority as they had with respect to the Purchased Assets immediately prior to the Closing, as if the Purchased Assets had not been sold and remained in the possession or control of the person having that possession or control immediately prior to Closing.

## PROTECTION OF PERSONAL INFORMATION

[23]    **ORDERS** that, pursuant to sub-section 7(3)(c) of the *Canada Personal Information Protection and Electronic Documents Act* or any similar provision of any applicable provincial legislation, the Monitor and the Vendors are authorized and permitted to disclose to the Purchaser all human resources and payroll information in the Vendors' records pertaining to the Vendors' past and current employees. The Purchaser shall maintain and protect the privacy of such information and shall be entitled to use the personal information provided to it in a manner which is in all material respects identical to the prior use of such information by the Vendors.

## VALIDITY OF THE TRANSACTION

[24]    **ORDERS** that notwithstanding:

   a)    the pendency of the proceedings under the CCAA;

   b)    any assignment in bankruptcy or any petition for a bankruptcy order now or hereafter issued pursuant to the BIA and any order issued pursuant to any such petition;

   c)    any application for a receivership order; or

500-11-048114-157                                                      Page 6

d)      the provisions of any federal or provincial legislation;

the vesting of the Purchased Assets contemplated in this Order, as well as the
execution of the Purchase Agreement authorized by this Order, are to be binding
on any trustee in bankruptcy or receiver that may be appointed, and shall not be
void or voidable nor deemed to be a preference, assignment, fraudulent
conveyance, transfer at undervalue or other reviewable transaction under the BIA
or any other applicable federal or provincial legislation, as against the Vendors, the
Purchaser or the Monitor, and shall not constitute oppressive or unfairly prejudicial
conduct pursuant to any applicable federal or provincial legislation.

## LIMITATION OF LIABILITY

[25]    **DECLARES** that, subject to other orders of this Court, nothing herein contained
shall require the Monitor to occupy or to take control, or to otherwise manage all
or any part of the Purchased Assets. The Monitor shall not, as a result of this Order,
be deemed to be in possession of any of the Purchased Assets within the meaning
of environmental legislation, the whole pursuant to the terms of the CCAA.

[26]    **DECLARES** that no action lies against the Monitor by reason of this Order or the
performance of any act authorized by this Order, except by leave of the Court. The
entities related to the Monitor or belonging to the same group as the Monitor shall
benefit from the protection arising under the present paragraph.

## GENERAL

[27]    **DECLARES** that the Monitor and the Purchaser shall be authorized to take all
steps as may be necessary to effect the discharge or the reduction (partial release)
of the Encumbrances over the Purchased Assets (other than the Permitted
Encumbrances).

[28]    **ORDERS** that the Purchase Agreement, the underacted copy of the Purchaser's
Letter of Intent dated August 29, 2018, the Appendix C "Confidential bid summary"
and the Appendix E "Visolis Transaction APA (unredacted)" of the Report be kept
confidential and under seal until the earlier of a) the Closing of the Transaction; or
b) further order of this Court.

[29]    **DECLARES** that this Order shall have full force and effect in all provinces and
territories in Canada.

[30]    **DECLARES** that the Monitor shall be authorized to apply as it may consider
necessary or desirable, with or without notice, to any other court or administrative
body, whether in Canada, the United States of America or elsewhere, for orders
which aid and complement this Order. All courts and administrative bodies of all
such jurisdictions are hereby respectfully requested to make such orders and to
provide such assistance to the Monitor as may be deemed necessary or
appropriate for that purpose.

500-11-048114-157                                                    Page 7

[31]   **REQUESTS** the aid and recognition of any court or administrative body in any
       Province of Canada and any Canadian federal court or administrative body and
       any federal or state court or administrative body in the United States of America
       and any court or administrative body elsewhere, to act in aid of and to be
       complementary to this Court in carrying out the terms of this Order.

[32]   **ORDERS** the provisional execution of this Order, notwithstanding any appeal and
       without the requirement to provide any security or provision for costs whatsoever.


**THE WHOLE WITHOUT COSTS, save in case of contestation.**


                                                              _J.S.C._

                                      MICHEL A. PINSONNAULT J.S.C.

M^tre Bernard Boucher
(Blake, Cassels & Graydon LLP)
Attorneys for the Petitioners


M^tre Marc Duchesne
(Borden Ladner Gervais LLP)
Attorneys for the Monitor


M^tre Luc Morin
(Norton Rose Fulbright Canada LLP)
Attorneys for the Purchaser


Hearing date: September 18, 2018

**SCHEDULE "A"**
**Form of Monitor's Certificate**

**C A N A D A**
**PROVINCE OF QUÉBEC**
**DISTRICT OF MONTRÉAL**

**S U P E R I O R    C O U R T**
Commercial Division

**File: No: 500-11-054564-188**

IN THE MATTER OF THE *COMPANIES'*
*CREDITORS    ARRANGEMENT    ACT,*
R.S.C. 1985, c. C-36, AS AMENDED:

**BIOAMBER CANADA INC.**
**BIOAMBER SARNIA INC.**
**BIOAMBER INC.**
        Petitioners
-and-

**9384-3076 QUÉBEC INC.**

        Impleaded Party
-and-

**PRICEWATERHOUSECOOPERS INC**

        The Monitor

**CERTIFICATE OF THE MONITOR**

RECITALS:

**WHEREAS** on May 24, 2018, the Superior Court of Quebec (the "**Court**") issued an Initial Order (the "**Initial Order**") pursuant to the *Companies' Creditors Arrangement Act* (the "**CCAA**") in respect of BioAmber Canada Inc., BioAmber Sarnia Inc. and BioAmber Inc. (the "**Petitioners**");

**WHEREAS** pursuant to the terms of the Initial Order, PricewaterhouseCoopers Inc. ("**PwC**" or the "**Monitor**") was named Monitor of the Petitioners; and

**WHEREAS** on September 18, 2018, the Court issued an Order (the "**Vesting Order**") thereby, *inter alia*, authorizing and approving the execution by the Monitor of an agreement substantially in the form of the draft *Asset Purchase Agreement* (the "**Purchase Agreement**") by and between PwC as vendor, solely in its capacity of court-appointed Monitor to the CCAA process of the Petitioners, and 9384-3076 Québec Inc.

(the "**Purchaser**"), as purchaser, copy of which was filed in the Court record, and into all the transactions contemplated therein (the "**Transaction**") with such alterations, changes, amendments, deletions or additions thereto. All capitalized terms used and not otherwise defined herein shall have the meaning ascribed thereto in the Purchase Agreement.

**WHEREAS** the Vesting Order contemplates the issuance of this Certificate of the Monitor once the (a) the Purchase Agreement has been executed and delivered; and (b) the Purchase Price including Transfer Taxes payable on Closing has been paid by the Purchaser; and (c) and all the conditions to the Closing of the Transaction have been satisfied or waived by the parties thereto.

**THE MONITOR CERTIFIES THE FOLLOWING:**

(a)     the Purchase Agreement has been executed and delivered;

(b)     the Purchase Price, including any and all Transfer Taxes payable upon the Closing of the Transaction, has been paid in full by the Purchaser; and

(c)     all conditions to the Closing of the Transaction have been satisfied or waived by the parties thereto.

This Certificate was issued by the Monitor at ● on ●, 2018, at which time the Closing Time is deemed to have occurred.

**PricewaterhouseCoopers Inc.**, in its capacity as Monitor of the Petitioners, and not in its personal or corporate capacity

By:     _____
Name:    Christian Bourque, CPA, CA, CIRP, LIT

### SCHEDULE "B"
### Ontario Encumbrances to be Expunged
### (as they relate to the Purchased Assets)

**Encumbrances over the Owned Real Property:**

1.  LA112242 – Notice of Option to Purchase

2.  LA112243 – Charge/Mortgage in favour of Her Majesty the Queen in Right of the Province of Ontario

3.  LA112244 – Notice of General Assignment of Rents re LA112243

4.  LA151540 – Charge/Mortgage in favour of Comerica Bank

5.  LA151541 – Postponement of Instrument No. LA112242 to LA151540

6.  LA151542 – Postponement of Instrument No. LA112243 to LA151540

7.  LA172222 – Charge/Mortgage in favour of BDC Capital Inc.

8.  LA172223 – Notice of General Assignment of Rents re LA172222

9.  LA172225 – Postponement of Instrument No. LA112242 to LA172222

10. LA202421 -  Construction Lien

11. LA203456 – Construction Lien

12. LA204312 – Application to Register Court Order

13. LA204645 – Certificate of Action


**Encumbrances over the Owned Movable Property:**

14. File No. 673322283 registered in favour of Her Majesty The Queen in Right of the Province of Ontario, as Represented by the Minister of Economic Development and Trade

15. File No. 705685527 registered in favour of Comerica Bank, as Administration Agent

16. File No. 715827636 registered in favour of BDC Capital Inc.

### SCHEDULE "C"
### Ontario Real Property

**Legal description of the Ontario Real Property:**

*PART LOT 4, REGISTRAR'S COMPLIED PLAN 725 DESIGNATED AS PARTS 24, 27 TO 31 INCLUSIVE, 33, 34 & 60, PLAN 25R-9996; S/T EASEMENT OVER PTS 27, 28, 29, 33 & 60, PLAN 25R-9996 AS IN LA112234; T/W L682726, L758934, L758939, L758940, L758956, L758957, L758958, L919917, L919918, L919919, L919920; TOGETHER WITH AN EASEMENT OVER PARTS 6, 7, 18 TO 23, INCL., 25, 26, 32, 36 TO 38, INCL., 52, 53, 57 TO 59, INCL., & 61, PLAN 25R-9996 AS IN LA112234; TOGETHER WITH AN EASEMENT OVER PART 7, PLAN 25R5727 SAVE & EXCEPT PTS 1 TO 4, INCL., PLAN 25R-6556 & PTS 1 & 2, PLAN 25R-8237 AS IN LA112241; CITY OF SARNIA, being all of PIN 43286-0049(LT)*