# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIOAMBER INC.,[1]<br><br>Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 18-11291 (LSS) |

## FINAL REPORT OF BIOAMBER INC.
## PURSUANT TO BANKRUPTCY RULE 5009(c)

PricewaterhouseCoopers Inc., ("PwC") in its capacity as the authorized and appointed foreign representative and monitor ("Monitor" or "Foreign Representative") for the above-captioned debtor (the "Debtor") in a proceeding (the "CCAA Proceeding") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Québec Superior Court, Commercial Division (the "Canadian Court"), respectfully submits this final status report (the "Final Report") on behalf of the Debtor in connection with the above-captioned chapter 15 case (the "Chapter 15 Case") and respectfully states as follows.

## BANKRUPTCY RULE 5009(c)

1. Rule 5009(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides:

> Cases Under Chapter 15. A foreign representative in a proceeding recognized under §1517 of the Code shall file a final report when the purpose of the representative's appearance in the court is completed. The report shall describe the nature and results of the representative's activities in the court. The foreign representative shall transmit the report to the United States

---

[1] The last four digits of the Debtor's federal tax identification number are 1045. The Debtor's principal offices are located at 1250 René-Lévesque Blvd. West, Suite 4310, Montréal, Québec H3B 4W8, Canada.

> trustee, and give notice of its filing to the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor was a party at the time of the filing of the petition, and such other entities as the court may direct. The foreign representative shall file a certificate with the court that notice has been given. If no objection has been filed by the United States trustee or a party in interest within 30 days after the certificate is filed, there shall be a presumption that the case has been fully administered.

Fed. R. Bankr. P. 5009(c). The Foreign Representative files this Report in satisfaction of Bankruptcy Rule 5009(c).

## REPORT ON THE STATUS OF THIS CHAPTER 15 CASE

2. On May 30, 2018, the Debtor, the authorized Foreign Representative at the time, commenced this chapter 15 case by filing, among other things, a verified chapter 15 petition seeking recognition by the Court of the CCAA Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code.

3. On June 15, 2018, the Canadian Court entered the *Amended and Restated Initial Order*, authorizing among other things, the appointment of PwC as Monitor in the CCAA Proceedings and authorizing the Monitor or the Debtor to commence this chapter 15 proceeding and for either to act as the foreign representative.

4. On June 20, 2018, the Court entered the *Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief* [Docket No. 13] (the "Recognition Order"). Pursuant to the Recognition Order, the Foreign Representative is authorized to administer the Debtors' assets and affairs in the United States.

5. On September 18, 2018, the Canadian Court entered its *Approval and Vesting Order* (the "Canadian Sale Order"), authorizing and approving the sale (the "Sale")

2

of substantially all of the Debtor's assets (the "Assets") to 9384-3076 Quebec Inc. pursuant to the terms and conditions set forth in the Canadian Sale Order.

6. On October 10, 2018, the Court entered its *Order (I) Recognizing the Canadian Sale Order, (II) Authorizing and Approving Sale of Assets, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and (IV) Granting Related Relief* [Docket No. 30] (the "Sale Order"), which approved the sale of substantially all of the Debtors' assets to 9384-3076 Quebec Inc.

### REPORT ON THE NATURE AND RESULTS OF THE FOREIGN REPRESENTATIVE'S ACTIVITIES IN THE CCAA PROCEEDING AND THE CHAPTER 15 PROCEEDING

7. As discussed in prior submissions to the Bankruptcy Court, the Chapter 15 Case was commenced as part of the Debtor's orderly liquidation process authorized by the Canadian Court. Prior to liquidation, the Foreign Representative, with the assistance of the Debtor and its advisors, conducted a sale and investment solicitation process (the "SISP"), pursuant to which the Foreign Representative marketed the Debtor and its wholly owned subsidiaries as a going concern. Although the SISP generated interest in the Assets, at the conclusion of the SISP, the Debtor did not receive any binding offers to purchase the Debtor as a going concern. Accordingly, on July 31, 2018, the Canadian Court issued a *Third Amended and Restated Initial Order* granting additional powers to the Foreign Representative in order to allow the Foreign Representative to proceed with the orderly liquidation of the Debtor.

8. On September 18, 2018, the Canadian Court entered its *Approval and Vesting Order* (the "Canadian Sale Order"), authorizing and approving the sale of substantially all of the Debtor's assets (the "Assets") to 9384-3076 Quebec Inc. pursuant to the terms and conditions set forth in the Canadian Sale Order.

9. The sale of the Debtor's Assets was completed in October 2018. The Monitor also completed the sale of the Debtor's remaining assets. In late 2018, the Debtor's inventory of manufactured bio-succinic acid was sold to various customers. The Monitor also sold the Debtor's remaining raw materials and other parts that were left behind at the Debtor's manufacturing plant in February 2019. These sales were in the ordinary course and their size and value did not require court approval in the CCAA Proceeding.

10. Following consummation of the sales of the Debtor's assets, the Canadian Court, on March 15, 2019, approved the Monitor's *Motion for Directions Regarding the Allocation of the Proceeds Generated from a Transaction*. On May 24, 2019, the Canadian Court, granted, in part, the Monitor's *Motion to Authorize Final Distribution and Discharge of the Monitor* (the "Distribution and Discharge Motion") that authorized distributions of sale proceeds to certain of the Debtor's secured creditors. Subsequently, on July 2, 2019, the Canadian Court issued the final order approving the Distribution and Discharge Motion that authorized the final distributions to the Debtor's secured creditors and granted the Monitor a general release of all liability from acts or omissions in its capacity as Monitor, except as a result of gross negligence or willful misconduct.

11. Pursuant to the CCAA Proceedings Final Distribution and Discharge Order granted thereunder, proceeds from the Sale were distributed by the Foreign Representative on behalf of the Debtor to the secured creditors of the Debtor. At this time, the Debtor has no remaining assets in the United States and there are no funds remaining to generate any recoveries to general unsecured creditors

**CONCURRENT REQUEST TO CLOSE THE CHAPTER 15 CASE**

12. The Foreign Representative submits to the Bankruptcy Court that, at this time, there is no further liquidation activity to conduct in the context of the Chapter 15 Case. Indeed, the primary purposes of the Chapter 15 Case, being recognition of the CCAA Proceeding and the liquidation of the Debtor's Assets located within United States pending their sale, have been achieved. The Foreign Representative therefore believes that it no longer needs to make further appearances before the Bankruptcy Court in this Chapter 15 Case.

13. The Foreign Representative hereby submits this Report, and concurrently herewith is filing the *Motion for Entry of Order (I) Closing Chapter 15 Case and (II) Granting Related Relief* (the "Case Closing Motion"), pursuant to which the Foreign Representative seeks entry of a final decree closing the Chapter 15 Case.[2] Pursuant to Bankruptcy Rule 5009(c), parties-in-interest have thirty (30) days from the date hereof to object to closure of the Chapter 15 Cases. In the event that no such objections are filed, or such objections have been consensually resolved, the Foreign Representative will file a

---

[2] The Foreign Representative reserves all rights to, and has filed the Case Closing Motion without prejudice to its rights to, move the Bankruptcy Court to reopen the Chapter 15 Case to accord the Foreign Representative with whatever additional relief, if any, the Foreign Representative needs.

certification of counsel seeking entry of the proposed order attached to the Case Closing Motion, thereby closing the Chapter 15 Cases.

Dated: October 3, 2019

                                        PRICEWATERHOUSECOOPERS INC. solely in its capacity as authorized and appointed foreign representative for debtor BIOAMBER Inc. and as court appointed Monitor to the CCAA process of BIOAMBER CANADA INC., BIOAMBER SARNIA INC. and BIOAMBER INC. and not in any personal capacity, acting herein for and in the name BIOAMBER CANADA INC., BIOAMBER SARNIA INC. and BIOAMBER INC.

By: _____
     Mica Arlette
     Senior Vice President